IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BERTHA MITCHELL,                )
                                )
            Plaintiff,           )
                                )
        v.                       )    1:04CV01103
                                )
HOUSING AUTHORITY OF THE        )
CITY OF WINSTON-SALEM,           )
                                )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

This matter comes before the Court on two motions. First, defendant has filed a motion for summary judgment. It is unopposed. The reason for this will be more fully explained when the Court discusses the second motion. That motion is labeled a Motion for Contempt and Further Sanctions based on plaintiff's failure to obey orders of the Court. Because the case may be dismissed on this latter motion and for grounds relating to it, the Court will discuss it first.

Plaintiff filed this action in late 2004 and raised three causes of action. The first alleged unlawful sex discrimination. The other two causes of action were later dismissed.

The parties proceeded to conduct discovery. Plaintiff did not provide discovery and defendant filed a motion to compel. This motion was granted at a June 16, 2005 hearing. The Court ordered certain discovery to be produced and required that plaintiff pay for the costs of defendant obtaining medical records. It also

assessed attorney's fees and required that $250.00 of those fees be paid immediately.

Thereafter, plaintiff's attorney filed a motion to withdraw, citing irreconcilable differences. The motion was granted and the Court ordered plaintiff, within twenty days, to enter an appearance and further informed her that failure to comply with the order would be grounds for dismissing the action. Plaintiff did not comply with that order.

Discovery ended and defendant filed a motion for summary judgment which, as previously mentioned, has not been opposed in any fashion. The Roseboro letter which informs pro se parties of their right to file a response to a motion for summary judgment was refused and returned marked, "Return to Sender." Thereafter, defendant filed its Motion for Contempt and Further Sanctions. Such motion was supplemented as a result of plaintiff's continuing refusal to accept documents.

The Motion for Contempt and Further Sanctions focuses on plaintiff's failure to comply with the Court's Order of June 16, 2005 relating to providing discovery and making payment; and, failure to comply with the October 5, 2005 Order directing plaintiff to enter an appearance within twenty days. Defendant shows that subsequent to the Court's June 16, 2005 Order, it obtained medical records and sought reimbursement from plaintiff. Plaintiff, however, did not make any payment, nor offer any suggestion as to when she would be making any payment. Further, defendant shows that plaintiff has not paid the $250.00 attorney's fees assessment either. Last, defendant shows that plaintiff has

not entered an appearance in this action as directed by the Court. The Court's own records support that contention.

Defendant also informs the Court that plaintiff refused to accept service of the summary judgment motion. (As noted previously, plaintiff also refused to accept service of the Court's Roseboro letter.) In defendant's supplement, defendant further shows that plaintiff refused to accept the December 12, 2005 (1) Notice to plaintiff concerning the summary judgment motion, (2) the accompanying brief, and (3) defendant's motion for contempt and the brief in support of the motion.

Defendant argues that plaintiff's actions of failing to obey court orders may be sanctioned based on Fed. R. Civ. P. 37(b)(2)(C)-(D) which allows for dismissing the action or holding plaintiff in contempt. In entertaining Rule 37 sanctions, the Court looks to the four-factor test set out in Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (4th Cir. 1977), and Mutual Federal Sav. and Loan Ass'n v. Richards & Associates., Inc., 872 F.2d 88, 92 (4th Cir. 1989). These factors look to see whether the non-complying party (1) acted in bad faith; (2) the amount of prejudice caused by the non-compliance; (3) the need for deterrence; and (4) the effectiveness of less drastic sanctions.

In the instant case, it would appear that plaintiff's inactions amount to an attempt to stymie the processing of this case. Plaintiff has not paid for discovery that she should have provided, and refuses to enter an appearance or accept pleadings. Perhaps even more importantly, she has not responded to the summary judgment motion. On the surface, the amount of prejudice may not

-3-

Case 1:04-cv-01103-RAE   Document 38   Filed 03/29/06   Page 3 of 10

seem overwhelming because defendant actually obtained the discovery and was able to file a summary judgment motion. Plaintiff is merely electing not to participate in the action. A closer inspection shows the prejudice to be substantial and the bad faith inherent in plaintiff's inactions to be great. The actual prejudice and bad faith comes into clearer focus where the motion for sanctions is more aptly considered under Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute this action and to obey court orders.

The first potential problem in considering sanctions pursuant to Rule 41 is that defendant only sought them pursuant to Rule 37. However, in Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court rejected the suggestion that a Rule 41(b) dismissal may only occur based on a motion from a party. Instead, it made clear that a trial court has the inherent power to dismiss an action based on lack of prosecution or disobedience to court orders. A court need not rely on some rule or statute. Id., 370 U.S. at 630-631. Such authority is deemed necessary for the orderly functioning of a court. Id.; 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2370, at 348 (1995).

The Supreme Court further held that a plaintiff was not necessarily entitled to a notice and hearing prior to dismissal. Whether a notice and hearing are required depend on the circumstances of each case. Id. at 349-51. The treatise recites a number of factors which courts have relied on to determine when any given action or inaction is sufficient to constitute a failure

-4-

to prosecute and what level of sanction should be imposed. Thus, a court may look at (1) the length of any inactivity, (2) the issuance of warnings by the court, (3) the nature of and amount of disregard shown to Federal Rules, local rules, and/or court orders, and (4) the nature and quality of excuses, etc. While prejudice to the opposing party is often a consideration to be taken into account before dismissing an action, it is not a prerequisite for dismissal pursuant to Rule 41(b). Id. at 381. This likely is so because Rule 41(b) encompasses a broad range of misconduct and seeks to protect institutional needs and values beyond the interest of any particular party, as discussed next.

When a party files an action and either initially or later does not intend to prosecute it, the prejudice to the opposing party can be significant. Plaintiff has, in all events, required defendant to expend time, energy, and money to respond and even more so if the case proceeds for any distance on the Court's docket. Lawsuits are serious, costly, and often distressing affairs. As a result, the mere filing of a lawsuit can be used as a vehicle to punish the other side. No party has or should have a right to file and proceed with a lawsuit and impose such a burden on another for an ulterior purpose or even for no purpose at all. When a party files a lawsuit, she has a duty to act with the utmost diligence evidencing a serious intention to litigate the matter.

Dispositive motions, especially summary judgment motions, by themselves require considerable time, effort, and money to prepare. Therefore, the failure to file a response may be grounds in and of

-5-

itself to dismiss an action.[1]  When a party filing a lawsuit does not evidence sufficient interest to oppose a case dispositive motion, there likely will be no good reason to require defendant to continue to be involved.  By not informing the defendant that she is no longer interested in pursuing the case prior to the filing of a dispositive motion, plaintiff has assuredly injured defendant by imposing a burden in the form of having defendant file an unnecessary motion.  Moreover, were the Court to rule on the unopposed motion, plaintiff wastes the Court's scarce resources by having it examine a matter in which plaintiff has lost interest and by requiring the Court to speculate about plaintiff's position.  Further, the defendant has been deprived of knowing plaintiff's position so that it could file a reply brief.[2]  Plaintiff has,

---

[1] Pursuant to Fed. R. Civ. P. 56(e), the rule governing summary judgment motions, the failure to respond to such a motion does not alone allow for the dismissal of the action.  Rather, Rule 56 requires the Court to review and decide it.  Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).  This is because Rule 56 is written from the viewpoint of establishing the burdens imposed on the moving party.  Id.  Other rules, such as Fed. R. Civ. P. 16(f), 37(b)(2)(C), and importantly for this case, 41(b), incorporate the concept of default and require a minimum level of litigation conduct and behavior from the parties.  Id. at 415.  Thus, if a court finds it appropriate to dismiss an action because the plaintiff failed to respond to a summary judgment motion, the Court must utilize Rule 41(b).  It may not dismiss on the grounds that the motion was unopposed unless that finding is tied to a failure to prosecute or to obey court orders.

[2] The Court in LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 211 (2d Cir. 2001), would apparently find that the failure to file a response to a summary judgment motion causes less harm to a court than "irrelevant obstructionist filings."  Id.  This ignores the significant harm to the court system and the unnecessary squandering of its resources caused by ruling on a motion in which a party has lost interest.  It harms others desirous of relief and who make an effort to assist the court and inform the other side of their position but, nevertheless, must patiently await their turn.  Lediju v. New York City Dept. of Sanitation, 173 F.R.D. 105, 111-112 (S.D.N.Y. 1997).  It sets a bad, if not disingenuous, precedent by rewarding the least diligent or most irresponsible litigator at the expense of those who adhere to court orders
(continued...)

thus, effectively additionally injured defendant were the case to be allowed to continue. The Court should not countenance such inattention and lack of concern, whether the intent to impose a burden is specifically intended or not. As has been noted, our system of justice is adversarial, as opposed to inquisitorial. As such, it depends on the parties to make presentations to the court. The court's role is to decide the issues presented, keep the docket from becoming clogged, and prevent misuse or manipulation of the court. It should not take up causes which the parties are expected to raise, except in narrow circumstances in furtherance of its institutional duties. Eriline Co. S.A. v. Johnson, ____ F.3d ____, 2006 WL 667063, at *3-4 (4th Cir. March 17, 2006)(affirmative defenses).

Even though plaintiff's failure to respond to a case dispositive motion for summary judgment motion constitutes grounds for dismissing the action pursuant to Rule 41(b), the Court must decide whether plaintiff should be given notice and opportunity for a hearing. As mentioned previously, the Supreme Court in Link does not require a notice and opportunity for hearing in all instances. The issue is whether the Court would abuse its discretion by so doing in this case. Id. at 352-353. The answer is that a court

---

$^{2}$(...continued)
schedules, and duties. Id. Ironically, the recognition of such harm to the system of justice and to the opposing party was recognized by the appellate court when it initially invoked the rule that a failure to brief appellate claims constitutes an abandonment of them. LeSane, 239 F.3d 206, Headnote [1]-the subject of footnote 2 which was later stricken; see Pet. for Rehrg., 2001 WL 34711665, at *6 (link to 99-9421, January 29, 2001 docket entry). See also, Morrison v. Johnson, 429 F.3d 48, 52 (2d Cir. 2005)(abandoned); Little v. Liquid Air Corp., 37 F.3d 1069, 1079 n.26 (5th Cir. 1994)(waived).

makes its decision based on all of the circumstances before it. Id. at 354.

In the instant case, there are ample grounds for the Court to sua sponte dismiss the action for failure to prosecute without providing plaintiff with a special notice or an opportunity to respond. First, when a party fails to oppose such an important and serious motion as one for summary judgment, this by itself evinces a lack of interest in the further prosecution of an action for the reasons previously stated.[3] Second, this Court's Local Rule warns a party that failure to file a response to a dispositive motion will permit the Court to consider it uncontested and grant it without further notice. Local Rule 7.3(k). That should put a party, and particularly a plaintiff, on notice that failure to respond to a case dispositive motion will lead to dismissal. In addition, this plaintiff was notified in the Roseboro letter that failure to respond would likely lead to dismissal of the action. Thus, plaintiff had more than ample notice that a response was necessary.

The fact that plaintiff is proceeding pro se does not require a different result. Following rules and evincing an interest in one's own proceeding do not require special legal training, but rather are universal prerequisites for an orderly judicial system, if not the hallmark of well intending individuals. Jordan v. Jabe,

---

[3]It should be made clear that a sua sponte dismissal of the action without notice might not be the first choice of action when a party has not responded to a dispositive motion which does not seek dismissal of the entire action. Rather, consideration should be given to providing notice and a hearing or imposing lesser sanctions, such as dismissal only of the identified claims.

-8-

951 F.2d 108, 110 (6th Cir. 1991). Therefore, no special notice and opportunity for a hearing is necessary in this case.

While not necessary for the decision, even if plaintiff had not been so notified, in this case there is a history of inaction or misconduct of sufficient gravity to allow dismissal without notice. Here, plaintiff has disobeyed court orders with respect to discovery matters and has failed to enter her appearance. Moreover, she appears to be playing a cat-and-mouse game by refusing to accept service from the Court or defendant. This misconduct and inaction were deliberate and disruptive and by themselves would constitute grounds for a Rule 41(b) dismissal without notice or opportunity for hearing. Moreover, this Court's order requiring plaintiff to enter an appearance explicitly provided a warning to her. Thus, in the instant case, the Court has no hesitation in <u>sua sponte</u> dismissing this action pursuant to Rule 41(b), for plaintiff's failure to prosecute it and for disobeying court orders, without specifically providing a Rule 41(b) dismissal warning.

All of the above findings also authorize dismissal under Rule 37. As noted earlier, the specific disobedience to court orders involves the payment of money. In such a situation, the Court might be somewhat hesitant to order dismissal without a closer examination of fault and of prejudice to defendant. However, in this case, there is other evidence of intentionally disobedient and bad faith conduct. As mentioned, plaintiff has been toying with the Court and defendant with respect to receiving pleadings. She has failed to enter her appearance and has not responded to

Case 1:04-cv-01103-RAE   Document 38   Filed 03/29/06   Page 9 of 10

defendant's motion for summary judgment. All of these actions and inactions supply reasons for finding bad faith and for dismissing this action. With respect to defendant's motion for holding plaintiff in contempt, the Court exercises its discretion to deny that relief, finding that dismissal pursuant to Rule 41(b) reduces the need for any further sanction.

The Court will further grant defendant's motion for summary judgment for being unopposed. However, the dismissal of this action is predicated on Rule 41(b) and to a lesser extent, Rule 37.

**IT IS THEREFORE ORDERED** that this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute and failure to obey orders of the Court.

**IT IS FURTHER ORDERED** that defendant's Motion for Contempt and Further Sanctions (docket no. 35) is granted to the extent that this action is dismissed with prejudice. Plaintiff shall pay all costs.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment (docket no. 29) is granted for being unopposed.

/s/ Russell A. Eliason
United States Magistrate Judge

March 29, 2006